# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | |
| | * | CR 210-006 |
| DONALD DUANE SCHAFF | * | |
| | * | |

## ORDER

Presently before the Court is Defendant's Motion for Judgment of Acquittal or New Trial. For the reasons stated herein, Defendant's Motion for Judgment of Acquittal is **GRANTED** as to Count One. Defendant's Motion for New Trial is **DENIED**.

**BACKGROUND**

Defendant was indicted on January 7, 2010 on two Counts related to child pornography. Count One charged him with possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). Count Two charged him with receipt of child pornography in violation of 18 U.S.C. § 2252A(a)(2). After a jury rendered a verdict finding Defendant guilty of both counts, Defendant moved for judgment of acquittal or new trial. Defendant moves for a judgment of acquittal on both Counts,

1

contending that the evidence is insufficient to sustain a conviction on either of those counts, specifically to establish venue. Defendant also moves for a judgment of acquittal as to Count Two, and alternatively as to Count One, arguing that his conviction on Count One bars his subsequent conviction on Count Two because of the Due Process and Double Jeopardy Clauses of the Fifth Amendment. "In the event of denial of the Defendant's motion for a judgment of acquittal as to all counts," Defendant also moves for a new trial, citing eight grounds of error committed at trial.[1]

**DISCUSSION**

**I. Double Jeopardy: Bobb and its Progeny**

The Eleventh Circuit recently addressed the same double jeopardy argument Defendant raises in his motion. In United States v. Bobb, the court answered the question of whether convicting someone of both receipt and possession of child pornography violates the Double Jeopardy Clause. 577 F.3d 1366, 1367-68 (11th Cir. 2009). The Bobb court found that convictions of both possession and receipt of child pornography *could* violate the Double Jeopardy Clause. The court stated, "[W]hen a defendant has violated two different criminal statutes, the Double Jeopardy Clause is implicated when both statutes prohibit

---

[1] The Court does not find persuasive any of Defendant's unsupported allegations of error, and thus finds no ground for granting a new trial.

the same act or transaction or when one act is a lesser included offense of the other." Id. at 1371. The test for determining whether two offenses are separate or are indeed the same " 'is whether each provision requires proof of a fact which the other does not.' " Id. at 1372 (citing Blockburger v. United States, 284 U.S. 299 (1932)). This requires examining "the proof necessary to establish the statutory elements of each offense, not the actual evidence presented at trial." Id. The court found meritorious the defendant's argument that "it is impossible to 'receive' a thing without, at least at the very instant of 'receipt,' also 'possessing' it," id.,[2] and thus held that the child pornography possession and receipt statutes prohibit the same conduct. Id. at 1373. The court found further that Congress did not "clearly intend[] to punish a defendant for both 'receipt' and 'possession' when it enacted the two provisions." Id.[3]

Ultimately, however, the court found that in Bobb's particular case, multiple convictions and sentences for possession and receipt did not violate the Double Jeopardy

---

[2] Possession is a lesser included offense of receipt, but the converse is not true; receipt necessarily entails possession, but possession does not necessarily entail receipt. Put another way, "[r]eceipt equals possession plus the additional element of acceptance." United States v. Kamen, 491 F. Supp. 2d 142, 150 (D. Mass. 2007).

[3] The court buttressed its decision with the Supreme Court's decision in Ball v. United States and numerous appellate decisions. See Ball v. United States, 470 U.S. 856 (1985); United States v. Miller, 527 F.3d 54 (3d Cir. 2008); United States v. Brobst, 558 F.3d 982 (9th Cir. 2009); United States v. Giberson, 527 F.3d 882 (9th Cir. 2008); United States v. Davenport, 519 F.3d 940 (9th Cir. 2008).

3

Clause because the indictment and the evidence at trial showed that they were based on "two distinct offenses, occurring on two different dates, and proscribed by two different statutes." Id. at 1375. Specifically,

> Count I of the indictment charged Bobb with taking 'receipt' of child pornography on November 12, 2004, while Count II charged Bobb with having 'possession' of child pornography in August 2005. The evidence at trial proved that Bobb received child pornography on November 12, 2004, by downloading the seven zip files from the Center's website, and, in August 2005, he possessed over 6,000 additional images. Accordingly the record shows that the indictment charged Bobb with two separate offenses, and the Government introduced evidence sufficient to convict him of those distinct offenses.

Id. The Eleventh Circuit and various district courts have followed Bobb in upholding multiple convictions for both possession and receipt of child pornography, under circumstances similar to those in Bobb.

For example, in United States v. Krpata, the Eleventh Circuit upheld a district court's denial of a defendant's motion to dismiss on double jeopardy grounds where "two different groups of child pornography images were being relied upon to support the charges alleged in Count One and Count Two." No. 09-15132, 2010 WL 2842753, at *2 (11th Cir. July 21, 2010). The court did not rely on, or even mention, the specific language of the indictment. The court did note, however, that with regard to Counts One and Two, federal authorities conducted separate

4

investigations of each on different dates. Specifically, with respect to Count One (receipt), federal authorities were notified in August of 2008 that Krpata had purchased child pornography from a Web site in July of 2006. With respect to Count Two (possession), federal authorities conducted a separate investigation of a commercial child pornography site, which revealed that Krpata had purchased access to a member-restricted child pornography site on January 13, 2007. Id. at *1. The court noted that its holding in Bobb in part relied upon the evidence presented at that trial, and held that because the government would introduce and rely on separate evidence for the receipt and possession charges in Krpata, there was no double jeopardy violation. Id. at *2.

Similarly, in United States v. Edens, the Eleventh Circuit did not discuss the language of the indictment, but focused on the evidence presented at trial. 280 F. App'x 880 (11th Cir. 2010). Defendant Edens was charged with six crimes related to possession, receipt, and distribution of child pornography. Id. at 882. "At trial, the government presented evidence showing that, on [three separate dates], he received (via computer) specific images of child pornography; these images formed the basis for counts three, four, and five of the indictment." [4]

---

[4] Specifically, counts one and two of the indictment charged Edens "with transportation of child pornography by computer on August 9 and August 23, 2005, respectively." United States v. Edens, 647 F. Supp. 2d 1311, 1312

5

United States v. Edens, 647 F. Supp. 2d 1311, 1312 (M.D. Ala. 2009). A jury found Eden guilty of six crimes — transporting child pornography on two separate dates, receiving child pornography on three separate dates, and possessing child pornography on one date. None of those six dates were the same. Id. at 883. Edens moved to dismiss the possession charge on double jeopardy grounds, but the court found that "[s]ufficient evidence support[ed] Edens's convictions," and that "[a] reasonable jury could have found that Edens transported, received, and possessed child pornography." Id. at 884. The court likened the case to Bobb: "Edens, like Bobb, was convicted of " '[six] distinct offenses, occurring on [six] different dates, and proscribed by [three] different statutes.' " Id. (alterations in original) (quoting Bobb, 577 F.3d at 1375). Significantly, the Eleventh Circuit affirmed the district court's finding that it was "evident from the evidence presented at trial [ ] that the government took steps to clarify that the possession and receipt charges were based on different images." 647 F. Supp. 2d at 1314. "While [ ] overlapping images could have been used to support both the receipt and possession charges, the government did not do so at trial; rather it

---

(M.D. Ala. 2009). Counts three, four, and five charged him "with receipt of child pornography on August 24, September 2, and September 6, 2005, respectively" but "did not name the specific images or files he received on those dates." Id. "[C]ount six charged that, on October 25, 2005, Edens knowingly possessed 'a computer hard disk containing more than 600 images of child pornography.' " Id. (citation omitted).

6

offered certain images to support the receipt charges and different images to support the possession charge." Id.

In United States v. Peacock, the indictment charged defendant Peacock with possession of child pornography in Count Two "on an approximate date, while Count One charged the Defendant with receipt or distribution of child pornography during a range of approximate dates, which included, but was not limited to, the date alleged in Count Two." No. 1:09-CR-2, 2009 WL 3242041, at *1 (N.D. Fla. Oct. 6, 2009). In a very brief opinion, the district court found that "[s]ufficient evidence was presented for the Jury to find that the Defendant had committed the two separate offenses on two distinct dates." Id.

In United States v. Woods, another district court rejected a defendant's double jeopardy argument for dismissing an indictment. No. CR 109-127, 2010 WL 2884870, at *17 (S.D. Ga. July 21, 2010) (Hall, J.). The Woods opinion pointed to the details of the indictment to demonstrate that the indictment did not, as the defendant argued, "charge[ ] him with the same conduct in all three counts." Id. The court stated,

> Here, Count 1 of the indictment charges Defendant with receipt of child pornography from on or about November 2006 through May 2009. Count 2 charges Defendant with possession of child pornography during a different time period, namely from June 24, 2007, through May 12, 2009. Finally, Count 3 charges Defendant with possession of images of child pornography on a different computer during yet another time period,

7

>       from June 2005 through December 2007. Simply put, the
>       different locations and different dates charged in
>       each count of the indictment indicate that Defendant
>       is being charged with receiving and possessing [ ]
>       separate images of child pornography.

Id.

## II. Defendant Schaff's Convictions

The present case is distinguishable from those discussed above. In Schaff's indictment, the time period specified in the possession count is identical to that in the receipt count. Count One charges Schaff with possession of child pornography as follows: "Beginning on a date unknown to the grand jury and continuing at least until on or about February 27, 2008 . . . Schaff [ ] did knowingly and unlawfully possess on his Medion PC tower computer . . . and his . . . Vaio laptop computer . . . electronic images containing child pornography." Indictment 1, ECF No. 1. The language of Count Two (receipt) is for all practical purposes identical: "Beginning on a date unknown to the grand jury and continuing at least until on or about February 27, 2008 . . Schaff, aided and abetted by others, did knowingly and unlawfully receive or attempt to receive electronic images containing child pornography," which were transported via Internet to Defendant's "Medion PC tower . . . and . . . Vaio laptop." Id. at 2. The two counts of the indictment make no distinctions regarding images, time frames, or location.

8

Nevertheless, the Government contends that the two convictions were based on separate offenses occurring on separate dates. The Government's sole argument to avoid double jeopardy is:

> Like the prosecutor in <u>Edens</u>, the government here directed the jury to consider separate evidence when deliberating on Defendant's guilt or innocence as to each count. The government also specifically directed the jury to evidence of Internet-related images downloaded to Defendant's laptop computer and stored in Defendant's 'Documents and Settings\user\MyDocuments\MyPictures' folder on July 6, 2006, to prove the receipt count. The government relied in turn on the images on Defendant's desktop in the hiber.sys file and in the unallocated space, as well as on the remaining images previously possessed on Defendant's laptop to prove possession on or before February 27, 2008. Accordingly, Defendant can be convicted and sentenced of both counts, as the jury had sufficient evidence to return a guilty verdict against Defendant on the two distinct offenses.

Resp. 9, ECF No. 61. In <u>Edens</u>, though, — unlike in the present case — the jury convicted the defendant of six distinct offenses occurring on six distinct, specified dates. <u>See</u> 280 F. App'x at 883. Although the Government here presented some evidence of different images forming the basis for each of the possession and receipt counts, and emphasized that in its closing argument, neither the indictment nor the jury specified that the underlying conduct for each count occurred on different dates.

The instant case is distinct from its other predecessors as well. Unlike in <u>Peacock</u> and <u>Woods</u>, for example, Schaff's indictment does not involve even an overlapping range of dates,

9

and certainly does not specify that a different set of images form the basis for each offense. Woods, in particular, is factually and procedurally distinct from the present case. The indictment in Woods is perhaps most similar to Schaff's indictment, but is significantly distinct. In Woods, some of the date ranges specified in the indictment for each count overlapped, but the defendant was "charged with receiving and possessing [ ] *separate images* of child pornography." 2010 WL 2884870, at *17 (emphasis added). The district court in Woods recognized that the prosecution provided the defendant "with a list of the specific images it intend[ed] to rely on to prove each count" and that at a hearing, "defense counsel could not definitively state that the list of images the government has provided overlap with respect to each count." Id. at *18.

III. **Acquittal as to Count One**

"The proper remedy for convictions on both greater and lesser included offenses is to vacate the conviction and the sentence of the lesser included offense." United States v. Boyd, 131 F.3d 951, 954-55 (11th Cir. 1997).[5] Accordingly, the Court vacates Defendant's conviction for possession of child

---

[5] See also, e.g., United States v. Pomarico, No. 06 CR 113, 2010 WL 4608423, at *2 (E.D.N.Y. Nov. 1, 2010) (finding double jeopardy violation and vacating convictions on possession of child pornography counts but not receipt counts); United States v. Cunningham, Criminal No. 07-0298, 2010 WL 3809853, at *3 (W.D. Pa. Sept. 22, 2010) ("To avoid the double jeopardy, multiple punishment problem, the proper remedy ordinarily is to vacate the lesser included offense, not the greater offense." (citing United States v. Cesare, 581 F.3d 206, 207-08 (3d Cir. 2009))).

10

pornography under Count One of the indictment. The Court affirms Defendant's conviction of receipt of child pornography under Count Two of the indictment.

**CONCLUSION**

Defendant's Motion for Judgment of Acquittal is **GRANTED** only as to Count One. Defendant's Motion for New Trial is **DENIED**.

**SO ORDERED**, this 18th day of March, 2011.

_____
LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)