IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | | |
|---|---|---|
| DONALD DUANE SCHAFF, | ) | |
| Petitioner, | ) | CIVIL ACTION NO.: CV213-072 |
| v. | ) | |
| UNITED STATES OF AMERICA, | ) | (Case No.: CR210-6) |
| Respondent. | ) | |

# ORDER

After an independent and *de novo* review of the entire record, the undersigned concurs with the Magistrate Judge's Report and Recommendation, to which Movant Donald Schaff ("Schaff") filed Objections. In his Objections, Schaff ostensibly contends that the "pornographic material" found on his computer fell under the First Amendment's protections and that the First Amendment "prohibit[s] making mere possession of obscene material a crime." (Doc. No. 20, pp. 3–4) (internal citation omitted). Schaff also contends that his alleged victim did not claim she ever saw pornographic materials or was the victim of any type of child pornography. Schaff uses these contentions in an attempt to show that the search warrant was lacking in probable cause.

As the Magistrate Judge concluded, probable cause existed at the time of the search warrant's application. Schaff has no constitutional protections in place which would allow him to possess pornographic images of children. In addition, Schaff was

not charged with or convicted of child molestation, and the alleged victim's claims or non-claims would have been irrelevant to the trial of his case, which involved possession and receipt of child pornography charges.

Schaff also notes that Larry Daniel, who had been retained by Schaff's appointed counsel as a computer forensics expert, provided an affidavit to disprove the Government's contention that Schaff's retained counsel consulted with a computer forensics expert up to the time of trial. In his affidavit, Daniel declares that he "did not advise either attorney as to the technical details of the case, or to the accuracy or inaccuracy of the computer forensics report provided by the prosecution's experts[ ]" because he "was never allowed to examine the evidence in this case because of the ridiculous funding restrictions[.]" (Doc. No. 20-1, p. 4).

The Magistrate Judge informed Schaff that, once he retained his own attorney versus keeping the attorney this Court had appointed him, he lost any monetary benefit from the Court to pay an expert witness' fees. (Doc. No. 16, p. 17). While a review of Daniel's affidavit indicates he was not the forensic expert Schaff's retained counsel had look at Schaff's computer the day before trial, (doc. no. 20-1, p. 4, ¶ 10), as the Magistrate Judge presumed, this is immaterial to a finding of whether counsel rendered ineffective assistance. Even if counsel was deficient in failing to obtain an expert witness to conduct a forensics examination of Schaff's computer, Schaff fails to show the prejudice which befell him as a result. Instead, Schaff offers nothing more than bare allegations in this regard. (See e.g., Doc. No. 20, pp. 31, 40).

Schaff's Objections are **overruled**. The Magistrate Judge's Report and Recommendation, as supplemented herein, is adopted as the opinion of the Court.

AO 72A
(Rev. 8/82)

Schaff's motion to set aside, vacate, or correct his sentence, filed pursuant to 28 U.S.C. § 2255, is **DENIED**. The Clerk of Court is directed to enter the appropriate judgment of dismissal.

**SO ORDERED**, this 11 day of August, 2014.

LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)